UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| GEORGE BURDEN, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | C.A. No. 26-CV-40111-MRG |
| | ) | |
| SEAN ZRATE and | ) | |
| JACOB LACHANCE, | ) | |
| Defendants | ) | |
| | ) | |

## DEFENDANT SEAN ZRATE'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Sean Zrate hereby answers Plaintiff's Complaint and Demand for Jury Trial as follows:

1.     The allegations in paragraph 1 of Plaintiff's Complaint present a statement of law to which no response is required.  To the extent that paragraph 1 of Plaintiff's Complaint can be construed as alleging facts, Defendant denies them.

2.     Defendant denies the allegations in paragraph 2 of Plaintiff's Complaint.

3.     Defendant denies the allegations in paragraph 3 of Plaintiff's Complaint.

4.     Defendant denies the allegations in paragraph 4 of Plaintiff's Complaint.

5.     The allegations in paragraph 5 of Plaintiff's Complaint present a statement of the case to which no response is required.  To the extent that paragraph 5 of Plaintiff's Complaint can be construed as alleging facts, Defendant denies them.

## JURISDICTION AND VENUE

6.     The allegations in paragraph 6 of Plaintiff's Complaint present a conclusion of law to which no response is required.  To the extent that paragraph 6 of Plaintiff's Complaint can be construed as alleging facts, Defendant denies them.

7.     The allegations in paragraph 7 of Plaintiff's Complaint present a conclusion of law to which no response is required.  To the extent that paragraph 7 of Plaintiff's Complaint can be construed as alleging facts, Defendant denies them.

8.     The allegations in paragraph 8 of Plaintiff's Complaint present a conclusion of law to which no response is required.  To the extent that paragraph 8 of Plaintiff's Complaint can be construed as alleging facts, Defendant denies them.

## PARTIES

9.     Defendant admits the allegations in paragraph 9 of Plaintiff's Complaint.

10.    Defendant admits the allegations in paragraph 10 of Plaintiff's Complaint.

11.    Defendant has insufficient information to enable him to admit or deny the allegations in paragraph 11 of Plaintiff's Complaint.

## STATEMENT OF FACTS

12.    Defendant has insufficient information to enable him to admit or deny the allegations in paragraph 12 of Plaintiff's Complaint.

13.    Defendant has insufficient information to enable him to admit or deny the allegations in paragraph 13 of Plaintiff's Complaint.

14.    Defendant has insufficient information to enable him to admit or deny the allegations in paragraph 14 of Plaintiff's Complaint.

15.    Defendant has insufficient information to enable him to admit or deny the allegations in paragraph 15 of Plaintiff's Complaint.

16.    Defendant has insufficient information to enable him to admit or deny the allegations in paragraph 16 of Plaintiff's Complaint.

17.    Defendant denies the allegations in paragraph 17 of Plaintiff's Complaint.

18.    Defendant denies the allegations in paragraph 18 of Plaintiff's Complaint.

19.    Defendant has insufficient information to enable him to admit or deny the allegations in paragraph 19 of Plaintiff's Complaint.

20.    Defendant has insufficient information to enable him to admit or deny the allegations in paragraph 20 of Plaintiff's Complaint.

21.    Defendant has insufficient information to enable him to admit or deny the allegations in paragraph 21 of Plaintiff's Complaint.

22.    Defendant admits the allegations in paragraph 22 of Plaintiff's Complaint.

23.    To the extent that paragraph 23 of Plaintiff's Complaint quotes the application in support of the criminal complaint, that document speaks for itself and Defendant denies the allegations to the extent that Plaintiff misquotes the document.

24.    Defendant denies the allegations in paragraph 24 of Plaintiff's Complaint.

25.    Defendant denies the allegations in paragraph 25 of Plaintiff's Complaint.

26.    Defendant admits the allegations in paragraph 26 of Plaintiff's Complaint.

29(sic).  The allegations in paragraph 29(sic) of Plaintiff's Complaint pertain to another defendant, therefore, no response by Defendant Zrate is required.  To the extent that the paragraph can be construed as asserting allegations against Defendant Zrate, Defendant has insufficient information to enable him to admit or deny them.

30(sic).  The allegations in paragraph 30(sic) of Plaintiff's Complaint pertain to another defendant, therefore, no response by Defendant Zrate is required.  To the extent that the paragraph can be construed as asserting allegations against Defendant Zrate, Defendant has insufficient information to enable him to admit or deny them.

31(sic).  The allegations in paragraph 31(sic) of Plaintiff's Complaint pertain to another defendant, therefore, no response by Defendant Zrate is required.  To the extent that the paragraph can be construed as asserting allegations against Defendant Zrate, Defendant has insufficient information to enable him to admit or deny them.

32(sic).  The allegations in paragraph 32(sic) of Plaintiff's Complaint pertain to another defendant, therefore, no response by Defendant Zrate is required.  To the extent that the paragraph can be construed as asserting allegations against Defendant Zrate, Defendant has insufficient information to enable him to admit or deny them.

33(sic).  The allegations in paragraph 33(sic) of Plaintiff's Complaint pertain to another defendant, therefore, no response by Defendant Zrate is required.  To the extent that the paragraph can be construed as asserting allegations against Defendant Zrate, Defendant has insufficient information to enable him to admit or deny them.

34(sic).  The allegations in paragraph 34(sic) of Plaintiff's Complaint pertain to another defendant, therefore, no response by Defendant Zrate is required.  To the extent that the paragraph can be construed as asserting allegations against Defendant Zrate, Defendant has insufficient information to enable him to admit or deny them.

35(sic).  The allegations in paragraph 35(sic) of Plaintiff's Complaint pertain to another defendant, therefore, no response by Defendant Zrate is required.  To the extent that the paragraph can be construed as asserting allegations against Defendant Zrate, Defendant has insufficient information to enable him to admit or deny them.

36(sic).    Defendant denies the allegations in paragraph 36(sic) of Plaintiff's Complaint.

37(sic).    Defendant denies the allegations in paragraph 37(sic) of Plaintiff's Complaint.

38(sic).    Defendant denies the allegations in paragraph 38(sic) of Plaintiff's Complaint.

39(sic).    Defendant denies the allegations in paragraph 39(sic) of Plaintiff's Complaint.

40(sic). Defendant denies the allegations in paragraph 40(sic) of Plaintiff's Complaint.

## COUNT I
### 42 U.S.C. § 1983 – First Amendment
### Lieutenant Sean Zrate

41(sic). Defendant repeats his responses to the foregoing paragraphs as if fully set forth herein.

42(sic). Defendant denies the allegations in paragraph 42(sic) of Plaintiff's Complaint.

43(sic). Defendant denies the allegations in paragraph 43(sic) of Plaintiff's Complaint.

44(sic). Defendant denies the allegations in paragraph 44(sic) of Plaintiff's Complaint.

45(sic). Defendant denies the allegations in paragraph 45(sic) of Plaintiff's Complaint.

46(sic). Defendant denies the allegations in paragraph 46(sic) of Plaintiff's Complaint.

47(sic). Defendant denies the allegations in paragraph 47(sic) of Plaintiff's Complaint.

## COUNT II
### 42 U.S.C. § 1983 – Fourth Amendment/Unlawful Arrest
### Lieutenant Sean Zrate

48(sic). Defendant repeats his responses to the foregoing paragraphs as if fully set forth herein.

49(sic). The allegations in paragraph 49(sic) of Plaintiff's Complaint present a conclusion of law to which no response is required.  To the extent that paragraph can be construed as alleging facts, Defendant denies them.

50(sic). The allegations in paragraph 50(sic) of Plaintiff's Complaint present a conclusion of law to which no response is required.  To the extent that paragraph can be construed as alleging facts, Defendant denies them.

51(sic). Defendant denies the allegations in paragraph 51(sic) of Plaintiff's Complaint.

52(sic). Defendant denies the allegations in paragraph 52(sic) of Plaintiff's Complaint.

53(sic). Defendant denies the allegations in paragraph 53(sic) of Plaintiff's Complaint.

54(sic). Defendant denies the allegations in paragraph 54(sic) of Plaintiff's Complaint.

## COUNT III
### 42 U.S.C. § 1983 – Fourth Amendment/Excessive Force
### Sgt. Jacob LaChance

55(sic). Defendant repeat his responses to the foregoing paragraphs as if fully set forth herein.

56(sic). The allegations in paragraph 56(sic) of Plaintiff's Complaint pertain to another defendant, therefore, no response by Defendant Zrate is required.  To the extent that the paragraph can be construed as asserting allegations against Defendant Zrate, Defendant has insufficient information to enable him to admit or deny them.

57(sic). The allegations in paragraph 57(sic) of Plaintiff's Complaint pertain to another defendant, therefore, no response by Defendant Zrate is required.  To the extent that the paragraph can be construed as asserting allegations against Defendant Zrate, Defendant has insufficient information to enable him to admit or deny them.

58(sic). The allegations in paragraph 58(sic) of Plaintiff's Complaint pertain to another defendant, therefore, no response by Defendant Zrate is required.  To the extent that the paragraph can be construed as asserting allegations against Defendant Zrate, Defendant has insufficient information to enable him to admit or deny them.

59(sic). The allegations in paragraph 59(sic) of Plaintiff's Complaint pertain to another defendant, therefore, no response by Defendant Zrate is required.  To the extent that the paragraph can be construed as asserting allegations against Defendant Zrate, Defendant has insufficient information to enable him to admit or deny them.

60(sic). The allegations in paragraph 60(sic) of Plaintiff's Complaint pertain to another defendant, therefore, no response by Defendant Zrate is required.  To the extent that the paragraph can be construed as asserting allegations against Defendant Zrate, Defendant has insufficient information to enable him to admit or deny them.

61(sic). The allegations in paragraph 61(sic) of Plaintiff's Complaint pertain to another defendant, therefore, no response by Defendant Zrate is required.  To the extent that the paragraph can be construed as asserting allegations against Defendant Zrate, Defendant has insufficient information to enable him to admit or deny them.

62(sic). The allegations in paragraph 62(sic) of Plaintiff's Complaint pertain to another defendant, therefore, no response by Defendant Zrate is required.  To the extent that the paragraph can be construed as asserting allegations against Defendant Zrate, Defendant has insufficient information to enable him to admit or deny them.

63(sic). The allegations in paragraph 63(sic) of Plaintiff's Complaint pertain to another defendant, therefore, no response by Defendant Zrate is required.  To the extent that the paragraph can be construed as asserting allegations against Defendant Zrate, Defendant has insufficient information to enable him to admit or deny them.

## DAMAGES

64(sic). Defendant denies the allegations in paragraph 64(sic) of Plaintiff's Complaint.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendant.

### SECOND AFFIRMATIVE DEFENSE

Defendant is entitled to common law immunity for the alleged torts.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint appears to name Defendant Zrate in his official capacity; however, to the extent that the complaint can be construed against him in his individual capacity, the Defendant is qualifiedly immune from liability in his individual capacity.

### FOURTH AFFIRMATIVE DEFENSE

Defendant's actions were justified and in good faith at all times.

### FIFTH AFFIRMATIVE DEFENSE

Defendant's actions were reasonable under all the circumstances.

### SIXTH AFFIRMATIVE DEFENSE

Defendant at all times acted reasonably and with a good faith belief that his actions were lawful and not in violation of any federal or state constitutional right.

### SEVENTH AFFIRMATIVE DEFENSE

The Defendants did not interfere with, or attempt to interfere with, any federal or state constitutional or statutory right of Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff did not suffer any actual deprivation of any rights secured by the Constitution or laws of either the United States or the Commonwealth.

### NINTH AFFIRMATIVE DEFENSE

The touching and/or seizure of Plaintiff was statutorily and constitutionally proper and appropriate.

TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred for lack of standing.

ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred insofar as Plaintiff consented to the actions of the individual Defendants.

TWELFTH AFFIRMATIVE DEFENSE

The actions of the Defendant were, at all times, justified, necessary, carried out in good faith and with sufficient legal cause, and in conformity with settled principles of constitutional or other law.

THIRTEENTH AFFIRMATIVE DEFENSE

The Defendant at all times was not motivated with an evil intent or motive, nor a reckless or callous indifference, toward any of Plaintiff's rights.

FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff fails to set forth sufficient grounds for the recovery of punitive damages.

FIFTEENTH AFFIRMATIVE DEFENSE

Defendant at all times acted in the public interest of promoting and protecting public safety and good order in accordance with existing laws and its policies and practices.

SIXTEENTH AFFIRMATIVE DEFENSE

Defendant has not violated any of the Plaintiff's First or Fourth Amendment rights.

SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants did not at any time act with malice toward Plaintiff.

EIGHTEENTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any injury or damage as alleged, such damage was caused by Plaintiff's own actions or omissions.

NINETEENTH AFFIRMATIVE DEFENSE

Any damages incurred by Plaintiff as alleged were the result of Plaintiff's own intentional conduct and Plaintiff is therefore barred from recovery.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claimed injuries or damages were caused, in whole or in part, by Plaintiff's violation of statutes, ordinances, regulations, policies or other legal authority governing the conduct of the parties at the time that said injuries or damages were sustained.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

There was probable cause for Plaintiff's arrest.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant is not liable because the actions of Defendant were privileged.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The actions of Defendant alleged in Plaintiff's Complaint were neither the proximate nor the actual cause of any damage suffered by Plaintiff.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant did not unlawfully confine Plaintiff, directly or indirectly and Plaintiff's arrest was not false or unlawful.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

In the event Plaintiff did resist arrest, Plaintiff had no right to resist arrest, and Plaintiff is responsible for all injuries caused by that resistance.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintifff is precluded from recovering pursuant to the public duty rule codified in Mass. Gen. Laws c. 258, § 10, as well as the exceptions to municipal liability provided in the Massachusetts Tort Claims Act.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are frivolous and made in bad faith, and Defendant therefore demands his costs and attorneys' fees.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff fails to sufficiently allege that Defendants' conduct was extreme or outrageous.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

The damages alleged in Plaintiff's Complaint were the result of supervening and intervening causes unrelated to any acts of Defendant.

### THIRTIETH AFFIRMATIVE DEFENSE

Defendant at all times acted in the public interest of promoting and protecting public safety and good order in accordance with existing laws.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim under 42 U.S.C. § 1983 as the conduct alleged in Plaintiff's Complaint does not involve any particular right arising under the United States Constitution, and further that no violation of any constitutional right has been pleaded with the requisite particularity, and, therefore, counts purporting to allege such violation must be dismissed.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

The Defendant is not liable for damages because any conduct by Defendant in connection with the matter alleged in the Complaint was discretionary within the scope of his authority as a public official and performed in good faith.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to adequately plead any special damages.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's conduct transgressed any speech beyond the limits of constitutional protection.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of collateral estoppel, res judicata and Heck v. Humphrey, 512 U.S. 477 (1994).

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred by the MTCA exceptions to municipal liability in G. L. c. 258, § 10.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his alleged damages.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

The doctrines of laches, unclean hands or waiver bar the Plaintiff's claims.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because they are moot.

## FORTIETH AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed inasmuch as the Plaintiff has failed to exhaust administrative remedies required by law.

WHEREFORE, Defendant request that Plaintiff's Complaint be dismissed with prejudice, with reasonable costs and attorney's fees awarded to Defendant.

Defendant requests a jury trial as to all issues.

SEAN ZRATE

By his attorneys,

*/s/ Wendy L. Quinn*
Wendy L. Quinn (BBO 653954)
Victoria A. Gallerani (BBO 713111)
Hassett & Donnelly, P.C.
446 Main Street, 12th Floor
Worcester, MA 01608
(508) 791-6287
wquinn@hassettdonnelly.com
vgallerani@hassettdonnelly.com

Date:  June 2, 2026

## CERTIFICATE OF SERVICE

I, Wendy L. Quinn, hereby certify that this document filed through the ECF system on June 2, 2026, and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Wendy L. Quinn*
Wendy L. Quinn, Esq.

10