**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **GEORGE BURDEN,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil. No. 26-cv-40111-MRG** |
| **SEAN ZRATE & JACOB LACHANCE,** | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

**GUZMAN, J.**

*Pro se* Plaintiff George Burden filed a complaint in this action against Defendants Sean Zrate and Jacob Lachance, alleging misuse of funds under the American Rescue Plan Act of 2021 ("ARPA") and other misconduct by Defendants. Burden brings four motions for miscellaneous relief. [ECF Nos. 17–20].

Burden first moves for this Court to "order an independent judicial investigation" in various respects. [ECF No. 17]. In support, he contends that his various requests for production of records have been unanswered or inadequately provided. As a preliminary matter, at the time of filing this motion, Lachance had not even been sufficiently served. [Compare ECF No. 23 (summons returned executed for Lachance on November 2, 2026) with ECF No. 17 (filed on October 20, 2026)]. Second, Burden's request is premature. Parties may not seek discovery—as Burden does here—before the parties confer as required by Federal Rule of Civil Procedure 26(f). See Fed. R. Civ. P. 26(d)(1). Third, even if this Court were to entertain the motion, it lacks the authority to provide such a remedy to Burden. He cites no authority which would grant this Court the power to conduct such a judicial investigation, and the appointment of a special master requires specific narrow circumstances as outlined by Federal Rule of Civil Procedure 53, circumstances the Court finds unmet here. Therefore, the relief sought in ECF No. 17 is **DENIED**.

Burden also moves for sanctions against Defendants for "conduct constituting witness intimidation." [ECF No. 18]. Burden requests such relief under Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927. Both fail right out of the gate for procedural reasons. Rule 11 only applies to a party's signed filings. Plus, Burden does not demonstrate that he abided by the mandatory 21-day safe-harbor notice before filing as outlined in Rule 11(c)(2). Section 1927 covers conduct where attorneys "multipl[y] the proceedings in any case unreasonably and vexatiously" which is not at all alleged here. See 28 U.S.C. § 1927. Lastly, Burden attempts to invoke relief under 18 U.S.C. §§ 1512 and 1515, which are federal criminal statutes covering witness tampering and

obstruction, both of which contain no private right of action for Burden to seek relief under. Therefore, the relief sought in ECF No. 18 is **DENIED**.

Next, Burden asks this Court to issue a 60-day stay of proceedings because of personal and financial hardship materially impairing his ability to "prepare and present his case in a meaningful and complete manner." [ECF No. 19]. In the October 21, 2026 hearing, the Court issued Burden 60 days to complete service (since, again, one of the Defendants had yet to be properly served). Therefore, the Court in essence granted Burden the relief he seeks in this motion. To the extent Burden seeks any additional stay in this matter than what has already been granted, the Court **DENIES** his motion because no scheduling order or deadlines are in place in this matter. If, moving forward, Burden requires a further stay of this matter, he may reassert his request at a later time, and this Court will consider the request anew.

Finally, Burden requests that this Court order court supervised mediation. [ECF No. 20]. As a preliminary matter, this request, filed the same day as his other three motions, seems to drastically conflict with Burden's other requests. Taking the motion at face value, the Court finds the relief request premature, and it therefore **DENIES** the motion. Defendant Lachance had not been served at the filing of the motion and has still yet to answer or respond to Burden's complaint. The parties may certainly engage in mediation or other forms of alternative dispute resolution once all Defendants have had ample opportunity to adequately respond to Burden's complaint.

Accordingly, the Court **DENIES** Burden's motions. [ECF Nos. 17–20].

**SO ORDERED.**

Dated: November 20, 2026

/s/ Margaret R. Guzman
Margaret R. Guzman
United States District Judge